IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HAMBURGER VERSICHERUNGS - AG
(iGR),

    Plaintiff,

vs.

THOMAS C. WIMBER and
JOHN L. MUNZENMEIER,

    Defendants.

03 MAY 30 AM 11:08 

No.: CV-03-285-KBM/LAM

In Admiralty

### PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM, STRIKE DEMAND FOR JURY, AND STRIKE DEMAND FOR PUNITIVE DAMAGES AND ATTORNEYS' FEES

COMES NOW the Plaintiff/Counter-Defendant, HAMBURGER VERSICHERUNGS - AG (iGR), by and through its undersigned attorneys, and pursuant to Rule 12 and Rule 39(a)(2) of the Federal Rules of Civil Procedure, moves this Court for an Order dismissing the Counterclaim, striking the demand for a jury, and striking the demand for an award of punitive damages and attorneys' fees set forth in the Counterclaim of Defendant THOMAS C. WIMBER, and in support thereof would respectfully state as follows:

### STATEMENT OF PERTINENT FACTS

1. The instant litigation was commenced by the Plaintiff's filing of a Complaint for Declaratory Judgment invoking this Court's admiralty jurisdiction to resolve a marine insurance coverage dispute. Plaintiff's Complaint for Declaratory Judgment

1



invokes the Court's admiralty jurisdiction under Rule 9(h) of the Federal Rules of Civil Procedure, and under 28 U.S.C. sec. 1333. No other basis for jurisdiction is asserted in Plaintiff's original pleading.

2. Plaintiff issued a policy of marine insurance which afforded hull & machinery coverage in the amount of $70,000.00 on a vessel owned by Defendant THOMAS C. WIMBER.

3. Plaintiff's Policy No. 200/533/37812 contains the following provision:

### 12. CHOICE OF LAW

> It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the state of New York.

4. As a result of an incident which occurred on or about December 29, 2002, the said vessel rendered it a constructive total loss. Plaintiff denied coverage and sought this Court's declaratory judgment when its post-accident investigation revealed that the Defendants had breached a number of warranties, conditions precedent and other provisions set forth in the policy.

5. The Defendant JOHN L. MUNZENMEIER is a simple loss payee under the terms of Plaintiff's policy.

6. On or about May 3, 2003, the undersigned counsel for Plaintiff received from counsel for WIMBER an Answer to the

Complaint for Declaratory Judgment, and a Counterclaim.

7. To the extent that the Defendants' Counterclaim asserts a cause of action based on simple breach of the contract of marine insurance, seeking damages in the amount of the $70,000.00 agreed value of the vessel, Plaintiff has no dispute with the Defendants' right to assert such a pleading. Accordingly, Plaintiff has filed this same date a Reply to that portion of the Counterclaim which merely asserts simple breach of contract.

8. However, despite Plaintiff's designation of this litigation as a Rule 9(h) admiralty action, Defendants have demanded a trial by jury on the issues raised in this marine insurance coverage litigation.

9. Defendants' Counterclaim also seeks an award of punitive damages against the Plaintiff caused by what is alleged to be Plaintiff's "bad faith" in seeking this Court's declaratory judgment.

10. Defendants' Counterclaim also seeks an award of punitive damages against the Plaintiff caused by what is alleged to be Plaintiff's breach of statutory aspects of New Mexico state law.

11. Defendants' Counterclaim also seeks an award of attorneys' fees from the Plaintiff.

12. Plaintiff asks the Court to strike the Defendants' demand for a jury.

13. Plaintiff further asks the Court to strike the Defendants' Counterclaim to the extant that it asserts any rights

arising under New Mexico state law.

14. Plaintiff further asks the Court to strike the Defendants' Counterclaim to the extant that it seeks punitive damages and attorneys' fees.

ARGUMENT

I.

THERE IS NO LEGAL BASIS FOR

AN AWARD OF PUNITIVE DAMAGES IN A
MARINE INSURANCE COVERAGE LITIGATION

There is absolutely no legal basis, under either federal maritime law or under the law of New York state, for the award of punitive damages against Hamburger which is sought in the Defendants' counterclaim. See, e.g., Hollinger v. Kirby Tankships, Inc., 910 F. Supp. 571 (S.D. Ala. 1996) holding that "punitive damages are unavailable in general maritime law." Id., at 572; Great American Insurance Co. v. J. Aron & Company, Inc., 1995 A.M.C. 2854 (S.D.N.Y. 1995), holding that a claim for alleged bad faith against a marine insurance company that alleges "wanton, vexatious breach of a covenant of good faith and fair dealing" does not state a claim for damages and must be dismissed.

Plaintiff's policy of marine insurance contains a Choice of Law clause that is clear and utterly unambiguous in its terms and its effect. That provision incorporates New York state law to apply to any dispute between the parties that is not covered by a recognized, well established or entrenched principle of federal

4

admiralty law. Therefore, the demand for bad faith and for damages awarded pursuant to New Mexico state law provisions, set forth in the Defendants' counterclaim must be stricken as a matter of law.

Most critically, since the Supreme Court decided the issue in the seminal case of Miles v. Apex Marine Corp., 498 U.S. 19, 1991 A.M.C. 1 (1990), there has been widespread and fundamental agreement that the general maritime law of the United States does not provide for the recovery of punitive damages.

The case of Taylor v. Lloyd's Underwriters of London, 972 F.2d 666, 667 (5th Cir. 1993), cert. denied, 507 U.S. 952 (1993), illustrates that even if this Court were to adopt a different analysis, and question whether there is a federal maritime law rule proscribing punitive damages in marine insurance coverage cases, Plaintiff would still be entitled to its requested Order striking this unfounded element from the counterclaim.

In the Taylor case, the Fifth Circuit reversed the district court's determination that a federal maritime law rule existed barring punitive damages, and held instead that in the absence of such an established principle, reference must be made to "the law of the state having the greatest interest in the resolution of the issues." Id. at 669.

Applying the reasoning of the Taylor case to the instant action, it is utterly manifest that there is no basis whatsoever upon which the Defendants can base their demand for a punitive damages award. If this Court follows the clear principle of the Apex Marine case, then it must agree that the federal maritime law

does not allow for punitive damages in admiralty. Alternatively, following the Fifth Circuit in <u>Taylor</u>, this Court would look to the law of the state having the greatest interest in applying its law to the issue, and that would be New York, which does not allow punitive damages or assertion of a valid counterclaim as stated by the Defendant in the instant action.

In the case of <u>Rocanova v. Equitable Life Assurance</u>, 612 N.Y.S.2d 339 (N.Y. 1994), the Court of Appeals for New York State (that state's highest appellate court) addressed the issue the availability of a cause of action for "bad faith" under New York state law, holding that certain specific criteria had to be established in order for a litigant to maintain such a claim. These absolutely prerequisite criteria, which must be asserted in the pleading, include the following:

> A). Fraud evidencing a high degree of moral turpitude;
>
> B). Demonstration of such wanton dishonesty as to imply a criminal indifference to civil obligations;
>
> C). The conduct must be aimed at the public generally.

Absent such allegations, and absent proof of such allegations, New York state law does not permit a litigant to maintain the type of bad faith claim asserted in the Defendant's Counterclaim. <u>See</u>, <u>e.g.</u>, <u>Great American Insurance Co. v. J. Aron & Company, Inc.</u>, <u>supra</u>.

It is clear beyond any doubt or cavil, whether under federal

6

maritime law or under New York state law, that Defendants' counterclaim must fail and be stricken to the extent that it seeks impermissible punitive damages. Plaintiff asks this Court to grant the Motion to Strike, consistent with caselaw and consistent also with prior decisions of this Court.

II.

## PLAINTIFF'S DESIGNATION OF THIS MATTER AS A RULE 9(H) ACTION PRECLUDES REFERENCE TO A JURY ON THE DEFENDANTS' COUNTERCLAIM

An insurer's complaint seeking a declaratory judgment on a marine insurance policy, asking for the federal court's interpretation of that policy and the rights and responsibilities of the parties thereto, properly invokes federal admiralty jurisdiction. Puritan Ins. Co. v. Eagle S.S. Co., 779 F.2d 866 (2d Cir. 1985). Furthermore, the federal courts of this nation have repeatedly held that the plaintiff marine insurer's invocation of admiralty jurisdiction under Rule 9(h) of the Federal Rules of Civil Procedure results in the entire action being subject to non-jury trial by the court, including any counterclaim asserted by the defendant. The existence of some other alleged basis for jurisdiction, asserted by the defendant in the counterclaim, cannot defeat the plaintiff's election under Rule 9(h) to a complete non-jury adjudication of the entire litigation.

See, Underwriters v. On the Loose Travel, Inc., 1999 A.M.C. 1742 (S.D. Fla. 1999); Albany Insurance Co. v. Ngo Van Nguyen, 1997 A.M.C. 335 (E.D. La. 1996); Albany Insurance Co. v. Jones,

7

1996 A.M.C. 2456 (D. Alaska 1996); <u>Homestead Insurance Co. v. Woodington Corp.</u>, 1993 A.M.C. 1552 (E.D. Va. 1992); <u>Hanjin Shipping Co. v. Jay</u>, 1991 A.M.C. 2596 (C.D. Cal. 1991); <u>Royal Insurance Co. of America v. Hansen</u>, 125 F.R.D. 5 D. Mass. 1988); <u>Reliance Insurance Co. v. McGrath</u>, 671 F. Supp. 669 (N.D. Cal. 1987).

In the case of <u>Matter of Armatur</u>, 710 F. Supp. 404 (D.P.R. 1989), this very Court ruled on this exact issue, stating emphatically that the plaintiff "rules the roost when it comes to Rule 9(h) designations."

> ...Rule 9(h) gives to the plaintiff the right to characterize a claim having two possible bases of jurisdiction as either an admiralty claim or an ordinary civil claim. Rule 9(h) "permits a plaintiff whose claim is cognizable under either jurisdiction to identify his claim as an admiralty claim to obtain certain procedural benefits traditionally available under admiralty jurisdiction." <u>Carey v. Bahama Cruise Lines</u>, 864 F.2d 201, 206 (1st Cir. 1988).

<u>Armature</u>, <u>supra</u>, at 405.

Expanding upon these "procedural benefits" inuring to the **plaintiff**, this Court examined the precise issue in contention in Plaintiff's instant motion:

> That the choice under Rule 9(h) belongs to the plaintiff is most marked in those cases where a plaintiff has designated his claim as an admiralty claim under Rule 9(h), thereby electing the special admiralty procedures, one of which is a non-jury trial, and the defendant demands a jury. <u>The plaintiff's Rule 9(h) designation reigns supreme, and will operate</u>

> to deny the defendant a right to jury trial
> he might otherwise have had.

Armatur, supra, at 406, n. 4 (emphasis added).

In the case of Clarendon Insurance Co. v. Fernandez, 1999 A.M.C. 2885 (D. P.R. 1999), the insureds also counterclaimed and demanded a jury, and that demand for a jury was stricken.

In the case of Jefferson Insurance Company v. Maine Offshore Boats, 2001 A.M.C. 2171 (D. Maine 2001), the insureds also counterclaimed and demanded a jury, and that demand for a jury was stricken.

On the basis therefore of the caselaw and the clear wording of the Federal Rules of Civil Procedure, Plaintiff asks that the Court strike Defendants' demand for a jury, and adjudicate this case in its entirety as a Rule 9(h) non-jury case.

### III.

#### THERE IS NO LEGAL BASIS FOR AN AWARD OF ATTORNEYS' FEES IN A MARINE INSURANCE COVERAGE LITIGATION

Plaintiff brings the instant motion asking the Court to strike any demand for an award of attorneys' fees asserted in the Counterclaim on the basis of established principles of federal admiralty law which prevail over and preempt any contrary provisions of state law or practice such as Defendant might seek to rely upon here. Plaintiff asks this Court to strike Defendants' demand for an award of attorneys' fees on the basis of what has been recognized as the "American Rule" which holds that each side

in a marine insurance coverage litigation must bear its own legal fees and expenses. See, American National Fire Ins. Co. v. Kenealy, 72 F.3d 264, 1996 A.M.C. 584 (2d Cir. 1995), holding that state laws calling for awards of attorneys' fees in insurance coverage cases **do not apply** under the familiar doctrine established in the Wilburn Boat case to marine insurance cases, because the issue is governed by an established and uniform federal rule that no fees may be awarded except in cases of bad faith, when attorneys' fees are in the discretion of the Court. The case also held that it cannot be "bad faith" for a marine insurer to file a declaratory action and contest liability when coverage is unclear or questionable.

See also, New York Marine & General Insurance Company v. Tradeline, 266 F.3d 112, 2001 A.M.C. 149 (2d Cir. 2001).

On the basis of this caselaw, it is therefore patently clear that there can be absolutely no basis whatsoever for Defendants to assert any right at all to an award of attorneys' fees.

Recent decisions on the subject support the Plaintiff's position. See, e.g., Clarendon Insurance Co. v. Fernandez, and Jefferson Insurance Company v. Maine Offshore Boats, supra.

In the absence of some demonstration therefore that this actual litigation is being conducted in bad faith by the Plaintiff, as that critical term is defined and interpreted under New York state law, the Defendants' have no basis or right to seek an award of attorneys' fees under the applicable rule of federal

admiralty law. No state law provision to the contrary can prevail over the recognized federal rule, and accordingly the Defendants' demand for attorneys' fees set forth in their Counterclaim must be stricken.

WHEREFORE, Plaintiff/Counter-Defendant prays that the Court will enter its Order dismissing the Defendant/Counter-Plaintiff's Counterclaim, striking the demand for a jury, and striking the demand for an award of punitive damages and attorneys' fees, along with all such other and further relief as the Court may deem proper in the premises.

Dated: May 30, 2003

PAUL J. RUBINO, ESQ.
Attorneys for Plaintiff
1155 Commerce Drive, Suite B
Las Cruces, NM 88011
(505) 647-8433

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing pleading was served upon the interested parties via the U.S. Postal Service addressed as follows:

Shannon A. Parden, Esq,
MADISON, HARBOUR, MROZ & BRENNAN, P.A.
P.O. Box 25467
Albuquerque, NM 87125-5467

Dated: May 30, 2003

PAUL J. RUBINO, ESQ.
Attorneys for Plaintiff
1155 Commerce Drive, Suite B
Las Cruces, NM 88011
(505) 647-8433

Pleading Separator Sheet USDC NM

yvonne   Case Number: 3cv508

CoalitionofArizona, UnitedStatesFish

Document #:   7



3cv508+7+2003-06-05

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
Las Cruces, New Mexico

JUN - 5 2003

CLERK

COALITION OF ARIZONA AND NEW
MEXICO COUNTIES FOR STABLE
ECONOMIC GROWTH, et al.,

Plaintiff,

vs.                                                                      CIVIL NO. 03-0508 MCA/LCS

UNITED STATES FISH AND WILDLIFE
SERVICE, et al.,

Federal Defendants.

## ORDER

THIS MATTER coming before the Court upon Federal Defendants' Unopposed Motion for Extension of Time, it being stated therein that opposing counsel concurs in the granting of the motion, the Court having read the motion and being fully advised in the premises,

IT IS THEREFORE ORDERED that Federal Defendants are granted through July 7, 2003, to file its response to Plaintiff's Freedom of Information Act claim asserted in Plaintiff's complaint filed in this cause on April 30, 2003 and that this extension of time will coincide with the time to file its responses to Plaintiff's requested relief under the Endangered Species Act and the National Environmental Policy Act.

LESLIE C. SMITH
U.S. MAGISTRATE JUDGE

SUBMITTED AND APPROVED BY:

DAVID C. IGLESIAS
United States Attorney

*Electronically submitted 5/22/03*
MANUEL LUCERO
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

THOMAS L. SANSONETTI
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

ANDREW A. SMITH, Trial Attoney
U.S. Department of Justice
Environment & Natural Resources Division
C/O United States Attorneys Office
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 224-1468

Attorneys for Federal Defendants

Telephonic approval given
Richard W. Walden, Esq.
Budd-Falen Law Offices, P.C.
Counsel for Plaintiff

Telephonic approval given
Lee Peters, Esq.
Hubert and Hernandez, P.A.
Counsel for Plaintiff