IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HAMBURGER VERSICHERUNGS - AG (iGR),

Plaintiff,

vs.      No. CIV-03-285 KBM/LAM
IN ADMIRALTY

THOMAS C. WIMBER and
JOHN L. MUNZENMEIER,

Defendants.

## RESPONSE TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM, STRIKE DEMAND FOR JURY, AND STRIKE DEMAND FOR PUNITIVE DAMAGES AND ATTORNEYS' FEES

Defendants Thomas C. Wimber ("Wimber") and John L. Munzenmeier ("Munzenmeier"), by and through their attorneys of record, submit this response to plaintiffs' motion to dismiss and in support thereof, state as follows:

### I. Introduction.

Hamburger Vericherungs - AG (iGR) ("Hamburger") asks this Court to dismiss Wimber's state law claims consisting of violation of the New Mexico Unfair Practices Act, violation of the New Mexico Unfair Insurance Practices Act and prima facie tort, and to strike defendants' jury demand, claim for punitive damages and its claim for attorney's fees.[1] Hamburger's motion is premised on the fact that it designated this case as an "admiralty" case to the exclusion of state law remedies. However, designating a case as one brought in "admiralty" does not override the defendants' ever-important constitutional rights to a jury nor is it the death

---

[1] It is unclear whether Hamburger is asking the Court to dismiss the entire counterclaim with respect to counts I through V, or merely the New Mexico state law claims. For purposes of ensuring that all of Wimber's claims are protected from dismissal, Wimber will treat Hamburger's motion as if it asks this Court to dismiss the counterclaim in its entirety.



blow to Thomas Wimber's ("Wimber") counterclaim, punitive damages claim or claim for attorney's fees. For the reasons set forth below, defendants are entitled to a jury on all their claims, are entitled to raise New Mexico state law claims, and are entitled to punitive damages and attorney's fees on all its claims, with the exception of the claim for unfair claims practices which only statutorily allows for treble damages and not punitive damages.

## II. Defendants are Entitled to a Jury Trial.

The "Choice of Law" provision of the insurance policy insuring the Sea Lion provides:

> It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the state of New York.

The issue of jury trials in admiralty cases is not well established and entrenched admiralty law. There is a "split of authority as to whether a defendant in an admiralty suit is entitled to a trial by jury with respect to defendant's compulsory counterclaims." *Sphere Drake Insurance PLC v. J. Shree Corporation*, 184 F.R.D. 258 (S.D.N.Y. 1999). Faced with that reality, the issue of whether defendants' jury demand is proper must be examined under New York law.

Interestingly enough, and despite Hamburger's reference to the choice of law provision of the policy, Hamburger does not cite any New York cases in support of its motion to strike defendants' jury demand. Nevertheless, in support of its argument, Hamburger relies on Rule 9(h) of the Federal Rules of Civil Procedure as an exclusivity provision regarding jury trials. Rule 9(h) provides in part that a case brought in admiralty does not create a right to trial by jury. *See also* Rule 38(c), Fed. R. Civ. P. (the rules setting forth the right to a trial by jury shall not be

construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)).

However, Hamburger does not address whether Rule 9(h) excludes a defendant's right to a trial by jury on a compulsory counterclaim brought in the same action. New York federal courts, sitting in diversity, have analyzed the issue and concluded that a defendant in an admiralty case is entitled to a jury trial under the Seventh Amendment and the "saving to suitors" clause of 28 U.S.C. § 1333(1).[2] *Sphere Drake*, 184 F. R. D. at 261. In *Sphere Drake*, insurers brought a declaratory judgment action against the insured, requesting the court to declare the respective rights of the parties with respect to a contract for marine insurance. *Sphere Drake*, 184 F. R. D. at 258. The insured brought compulsory counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing premised on the trial court's diversity jurisdiction. *Id.* at 259. The defendant simultaneously made a jury demand, to which the insurer subsequently filed a motion to strike. *Id.* In denying the insured's motion to strike the jury demand, the trial court, relying on the ruling in *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500,

---

[2] 28 U. S. C. § 1333 provides :
  The district courts shall have original jurisdiction, exclusive of the courts of the States of:
  (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
  (2) Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

The "saving to suitors" clause embodied in subsection (1), as it has become known, establishes the right of a party to choose whether to proceed within the court's admiralty jurisdiction or general civil jurisdiction when both admiralty and non-admiralty federal jurisdiction exists. It has been held that one of the remedies saved to suitors is the right to a trial by jury. *Sphere Drake*, 184 F. R. D. at 260.

79 S. Ct. 948 (1959), reasoned that since the matter was brought in diversity, the defendant had a right to trial by jury of the legal cause of action. *Sphere Drake*, 184 F. R. D. at 261. The Court stated:

> The same concerns expressed by the Court in Beacon Theatres exist when parties join admiralty claims with claims to which a right to a jury trial attaches. The same conclusion is therefore warranted; Rule 38(a) of the Federal Rules of Civil Procedure provides that the right to a jury, whether statutory or constitutional, shall be preserved inviolate.

*Id.* Quotations omitted. Other jurisdictions have similarly held. *See Reliance National Insurance Company (Europe) LTD., v. Hanover*, 222 F. Supp.2d 110 (D. Mass. 2002) (the court must protect a party's right to a jury trial even in a case where the issue is "seaworthiness"; reasoning in a footnote that the admiralty cases denying a claimants' jury demand were older cases and should be reevaluated in light of the Supreme Court's recent emphasis on full protection of the right to a jury trial in *Apprendi v. New Jersey*, 503 U.S. 466, 120 S. Ct. 2348 (2000)); *Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050 (9th Cir. Cal. 1997) (plaintiffs were entitled to a jury trial on an in personam maritime claim alleging common law negligence *and gross negligence* where diversity jurisdiction existed and was asserted by plaintiffs as the jurisdictional basis for the claims); *Kilfoil v. Ullrich*, 275 A.D.2d 53, 56, 714 N.Y.S.2d 737, 739 (2000) (if a plaintiff brings a suit involving a maritime claim in federal court by ordinary civil action, based upon a jurisdictional basis independent of federal admiralty jurisdiction, generally diversity of citizenship, the plaintiff is entitled to a jury trial) and *Kennedy v. Sphere Drake Insurance P.L.C.*, 2002 WL 505903, *1 (9th Cir. Wash. 2002) (where the court has an

independent basis of jurisdiction to hear an admiralty or maritime claim at law, the plaintiff is entitled to make timely demand for a jury).

In this case, Wimber plead the requisite elements establishing the jurisdictional basis for his counterclaim pursuant to 28 U. S. C. § 1332, alleging complete diversity of citizenship. His right to a jury has therefore attached. Applying New York law, Wimber is constitutionally and statutorily entitled to a trial by jury on his counterclaim. *Sphere Drake v. Shree.*

### III. Defendant's Counterclaim is Proper.

Hamburger moves the Court to dismiss Wimber's counterclaim to the extent that it asserts any rights arising under New Mexico state law. *See* Motion to Dismiss, p. 3, ¶ 13. However, Hamburger provides no authorities in support of its position and Wimber is unclear on what basis Hamburger moves to dismiss these claims. Nevertheless, Wimber's New Mexico state claims are proper before this Court.

Rule 9(h) regarding pleading of admiralty and maritime claims does not preclude claims grounded in issues other than admiralty nor does this rule override application of the Federal Rules of Civil Procedure to admiralty cases. According to Rule 1, Fed. R. Civ. P., the Federal Rules of Civil Procedure govern the procedure in all suits of a civil nature "whether cognizable as cases at law or in equity *or in admiralty*, with the exceptions stated in Rule 81."[3] Emphasis added. Thus, the view of Chief Justice Taft that "there is no reason why, so far as actual practice is concerned, suits at law, in equity and in admiralty, should not be conducted in the form of one

---

[3]Rule 81(a)(1) states that the Federal Rules of Civil Procedure do not apply to prize proceedings in admiralty governed by Title 10, U.S.C. §§ 7651-7681. Since this matter is not a prize proceeding, the rules apply.

civil action" has been adopted and the Civil Rules are now applicable in maritime matters. *Federal Practice and Procedure*, Wright & Miller, 3d., § 1014. *See also Kreatsoulas v. Freights of the Levant Pride & the Levant Fortune*, 838 F. Supp. 147 (D.C.N.Y. 1993) (contract assigning freights did not implicate concerns underlying admiralty and maritime jurisdiction, so Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction was granted) and *McKinley v. Afram Lines (USA) Co.*, 834 F. Supp. 510 (D.C. Mass. 1993) (the standard for granting summary judgment in an admiralty case fits into the same Civil Rule 56(c) framework as nonadmiralty cases).

Pursuant to Rule 13(a), Fed. R. Civ. P., "a pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...". The Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), diversity of citizenship. Hamburger does not contest this fact. Thus, it is mandatory under the federal rules for Wimber to counterclaim with any claims which could have been brought at the time Hamburger served the declaratory judgment action on him. Other courts have acknowledged this routine procedure in the context of admiralty actions. *See Sphere Drake v. Shree*, 184 F.R.D. at 260 (compulsory counterclaim brought for breach of contract and breach of implied covenant of good faith and fair dealing in admiralty claim brought pursuant to Rule 9(h)) and *Reliance National Insurance Company (Europe) LTD*, 222 F. Supp.2d at 117 (compulsory counterclaim field for breach of contract, unjust enrichment and bad faith in declaratory action in admiralty).

Interpreting "transaction and occurrence," the Tenth Circuit and the United States Bankruptcy Court for the District of New Mexico have applied the New Mexico Supreme Court's reasoning. *See Glasgow v. Eagle Pacific Insurance Company*, 45 F.3d 1401, 1402 (10th Cir. NM 1995) and *Valley Federal Savings Bank and Fred Sanders*, 95 Bankr. 208 (1989) (applying *Slide-A-Ride v. Citizens Bank of Las Cruces*, 105 N.M. 433, 733 P.2d 1316 (1987). Under the New Mexico Supreme Court's reasoning, a "transaction or occurrence is the same if a 'logical relationship' exists between the opposing parties claims. A logical relationship will be found if both the claim and the counterclaim have a common origin and a common subject matter." *Slide-A-Ride*, 105 N.M. at 436, 733 P.2d at 1318.

At the time Hamburger served its complaint for declaratory judgment, Wimber had viable claims for breach of contract, bad faith, violation of the New Mexico Unfair Practices Act, Violation of the New Mexico Unfair Insurance Practices Act and prima facie tort. Those claims are based upon Hamburger's failure to pay Wimber for the loss of the Sea Lion pursuant to the insurance policy, which is the subject contract of the declaratory judgment action. Likewise, the loss of the Sea Lion is also the basis for the declaratory judgment action. Consequently, a logical relationship based upon commonality exists between the declaratory judgment action and the counterclaim. Consistent with the federal rules, those claims are proper before this Court.

### III. Wimber's Claims for Attorney's Fees and Punitive Damages are Proper.

The insurance policy at issue provides that any dispute arising under the policy or contract shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and if none exists, to the substantive laws of

the State of New York. However, Wimber's claims embodied in Count III--violation of the New Mexico Unfair Practices Act, Count IV--violation of the New Mexico Unfair Insurance Practices Act and Count V - Prima Facie Tort, are not disputes arising under the insurance policy in question, but are rather, independent claims. In that sense, this Court is not bound by the policy at issue to apply admiralty or New York law. It may instead apply New Mexico state law to those claims.

Under New Mexico statutory law, a prevailing party is entitled to attorneys' fees upon a showing that the party charged with the violation of the Insurance Practices Act willfully engaged in the violation. Section 59A-16-30, NMSA 1978. Punitive damages are also available for the violation. *O'Neel v. USAA Insurance Company*, 131 N.M. 630, 41 P.3d 356 (Ct. App. 2002) (upholding an award of punitive damages for violation of the Insurance Practices Act and for bad faith). Likewise, attorney's fees as well as treble damages are proper damages to award a successful party under the Unfair Trade Practices Act. Sections 57-12-10(C) and 57-12-10(B), NMSA 1978, respectively. Likewise, punitive damages are "contemplated under prima facie tort." *Schmitz v. Smentowski*, 109 N.M. 386, 391, 785 P.2d 726, 731 (1990).

With regard to Wimber's claims for breach of contract and bad faith, since those claims involve a dispute arising under the contract policy, Wimber concedes that either well-established and entrenched federal admiralty law applies, or if none, then the laws of the State of New York. In its motion, Hamburger cites *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S. Ct. 317, 112 L.ed.2d 275 (1990) for the proposition that punitive damages are not recoverable in general

maritime law. *See* Motion to Dismiss, p. 5. However, Hamburger's implication that *Miles* applies across the board to all causes of action arising under maritime law is incorrect.

Foremost, *Miles* is based upon a wrongful death action brought pursuant to the Jones Act and the Death on the High Seas Act (acts pertaining to physical injuries of seamen). Since those acts do not allow recovery for punitive damages, general maritime law may not with regard to wrongful death. *Federal Practice & Procedure*, Wright & Miller, § 3671 p. 271, 3d. (1993). To hold otherwise would create "major inconsistencies in federal maritime wrongful death law." *Miller v. American President Lines, Ltd.*, 989 F.2d 1450, 1457 (6th Cir. 993). In other matters, courts have held that punitive damages apply in admiralty cases. *See Gamma -10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1254 (8th Cir. 1994) (punitive damages can be recovered under general maritime law when a defendant is reckless, shows gross negligence, or acts with reckless or callous disregard for the rights of others); *CEH, Inc. v. FV Seafarer*, 148 F.R.D. 469 (D.C.R.I. 1993) (punitive damages are recoverable under general maritime law in a claim for damage to or loss of property when there is no personal injury or unseaworthiness claim) and *Bell v. Zapata Haynie Corp.*, 855 F. Supp. 152, 153 (W.D. La. 1994) (non-pecuniary damages are not recoverable under general maritime law or the Jones Act; however, punitive damages may be received pursuant to maritime law for the willful and arbitrary denial of maintenance). Thus, there is no well established, entrenched admiralty law regarding punitive damages in the context of breach of contract and bad faith cases.

Turning to New York law, in the context of admiralty proceedings, punitive damages and attorney fees are recoverable for breach of contract and bad faith claims under certain

circumstances. According to the common laws of New York, to state a claim for punitive damages when the claim arises as a breach of contract (and bad faith)[4], a plaintiff must show that (1) the defendant's conduct is actionable as an independent tort; (2) the tortious conduct must be of a particularly egregious nature; (3) the conduct must be directed at the plaintiff; and (4) the defendant's conduct was a part of a pattern directed at the public. *New York Marine & General Insurance Company* at *4 citing *New York University v. Continental Insurance Company*, 639 N.Y.S.2d 283, 287 (1995). Additionally, in breach of contract and bad faith issues, attorneys fees are awarded to insureds who are forced to defend against an insurer's actions to escape coverage or where there has been an unreasonable bad faith denial of coverage. *New York Marine & General Insurance Company* at *5.

Applying the New York standards to this case, Wimber has viable claims for punitive damages and attorneys fees. As alleged, even though he was not legally required to do so, Wimber purchased insurance with Hamburger to insure the Sea Lion for any damage it might sustain as well as for personal injuries and liability claims. When the Sea Lion sank, Wimber provided timely notice to Hamburger of the incident and made demand upon it for the benefits he purchased under his policy. He complied with all policy conditions and fulfilled his duties under the policy. Nevertheless, at Hamburger's request, a "field survey" was performed. Instead of surveying the damage to the Sea Lion which caused it to sink, the survey, which was surreptitiously conducted, looked for damage unrelated to the December 29, 2003, accident. The

---

[4]In *New York Marine and General Insurance Company v. Tradeline*, 1999 WL 1277244 *4 (S.D.N.Y. 1999), punitive damages were sought based on an alleged bad faith breach of contract in denying coverage under the insurance policy.

sole purpose of the survey was to deny coverage. Thereafter, despite Wimber's compliance with all Hamburger's request to process the claim, Hamburger denied coverage and filed this declaratory judgment, without giving any consideration, let alone equal consideration, to the rights of its insured.

Clearly, Hamburger's conduct is actionable as a separate independent tort as alleged by Wimber in his prima facie tort allegation in the counterclaim. Hamburger failed to give equal consideration to the rights of Wimber in investigating and analyzing the claim. Such conduct, which was directed at Wimber, was egregious under the circumstances. Furthermore, upon information and belief, it is the practice of Hamburger to accept insureds' monies for marine insurance and then, when a claim is made, to conduct surveys of the marine vessels for the sole purpose of denying coverage under the ruse that the insureds failed to comply with their duty of *uberrimmae fidei* and to keep their vessels seaworthy. Consequently, Hamburger's conduct, upon information and belief, is a pattern directed at the public for which punitive damages are recoverable under New York law.[5]

Regarding attorneys fees, upon a successful showing that Hamburger's conduct was an unreasonable bad faith denial of coverage, Wimber is entitled to the fees.

---

[5]To the extent these factors need to be plead in the counterclaim, Wimber requests leave of the Court to amend his counterclaim to plead according to New York law to preserve the punitive damages claim to which he is entitled to make under New York law with respect to the breach of contract and bad faith claims.

WHEREFORE, for the reasons set forth herein, Wimber respectfully requests this Court to deny Hamburger's motion to dismiss in its entirety, leave to amend his counterclaim to plead consistent with New York law regarding punitive damages and for any further relief deemed just and appropriate by the Court.

MADISON, HARBOUR, MROZ & BRENNAN, P.A.

By _____
Shannon A. Parden
Kimberly A. Middlebrooks
Post Office Box 25467
Albuquerque, NM 87125-5467
(505) 242-2177

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed this 26th day of June 2003 to:

Paul J. Rubino, Esq.
1155 Commerce Loop #B
Las Cruces, NM 88011-8213

Steven E. Goldman, Esq.
Goldman & Hellman
315 S.E. 7th Street, Suite 200
Fort Lauderdale, FL 33301

_____
Madison, Harbour, Mroz & Brennan, P.A.

F:DATA 23053 03001 PLG KAM Response Motion Dismiss.wpd