IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
IN ADMIRALTY

HAMBURGER VERSICHERUNGS - AG
(iGR),

        Plaintiff,

vs.

THOMAS C. WIMBER and
JOHN L. MUNZENMEIER,

        Defendants.

FILED

03 JUL 15 AM 8:39

Case No.: CV-03-285 KBM/LAm

Judge Molzen

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISMISS
COUNTERCLAIM, STRIKE DEMAND FOR JURY, AND STRIKE
DEMAND FOR PUNITIVE DAMAGES AND ATTORNEYS' FEES

    COMES NOW the Plaintiff, HAMBURGER VERSICHERUNGS - AG (iGR), by and through its undersigned attorneys, and pursuant to Rule 12 and Rule 39(a)(2) of the Federal Rules of Civil Procedure, files this its Reply Memorandum of Law in further support of Plaintiff's Motion for an Order dismissing the Counterclaim, striking the demand for a jury, and striking the demand for an award of punitive damages and attorneys' fees set forth in the Counterclaim of Defendant THOMAS C. WIMBER, and in support thereof would respectfully state as follows:

    I.    THE DEMAND FOR A JURY MUST BE STRICKEN

    Counsel for Defendant has utterly and shockingly misstated a basic proposition in arguing that this Court should permit a jury with regard to any aspect of the litigation pending before the



1

Court. New York State law has absolutely nothing to do with this basic issue, which must be evaluated exclusively as a matter of federal law and procedure. Neither the case of *Sphere Drake Insurance PLC v. J. Shree Corp.*, 1999 A.M.C. 1480 (S.D.N.Y. 1999) nor any other case supports the assertion made in counsel's Response to Plaintiff's instant motion in which it is asserted that "the issue of whether defendants' jury demand is proper must be examined under New York law."

Every case is unanimous in asserting that the continued viability of the Rule 9(h) admiralty non-jury action in marine insurance declaratory judgment actions must be approached solely from the perspective of federal issues. Even where an exception has been made to the widely followed rule calling for admiralty actions to be strictly non-jury, state law issues have had absolutely no impact whatsoever on the federal courts' decisions.

Most critically, Defendants' counsel has made a fatal mistake in citing the case of *Reliance National Insurance Company (Europe) Ltd. v. Hanover*, 2003 A.M.C. 715 (D. Mass. 2003) in support of her assertion that a jury can or should be utilized in connection with a counterclaim lodged in response to a marine insurance company's Rule 9(h) declaratory judgment action.

Steven E. Goldman, Esq. representing Plaintiff in the instant matter was also counsel for the Plaintiff in the *Hanover* case, *supra*. The *Hanover* case citation presented by Defendant is to a published decision from the federal district court in Boston,

2

Massachusetts denying the marine insurance company's motion for summary judgment, and the court's subsequent rulings in that case graphically illustrate the legal poverty of Defendant Wimber's position in the instant matter.

In point of fact, Judge Stearns of the District of Massachusetts very early in the *Hanover* litigation was presented with a Motion to Strike the Defendant's Counterclaim, premised on precisely the same basis as the motion presently before this Court, and that Motion to Strike was **_granted_**. Thereafter, summary judgment was sought by both parties, which relief was **_denied_** by Judge Stearns for the reasons set forth in the decision which was cited by counsel for Wimber at Page 4 of her response to Plaintiff's instant motion.

Steven E. Goldman, Plaintiff's counsel in this action, when representing Reliance National Insurance Company (Europe) Ltd. in *Hanover* sought reconsideration of Judge Stearns' Order denying summary judgment, asking the federal district judge to also review the language in his opinion cited by Wimber's attorney on the subject of whether a jury might be empanelled with respect to any aspect of the looming trial.

In a subsequent Order dated August 14, 2002, Judge Stearns made it absolutely clear that he in no sense intended to give the misimpression that his earlier Order striking the demand for a jury on the counterclaim was subject to any question. Judge Stearns stated:

> As to the jury matter, the court has not reversed itself, the impressions of the parties notwithstanding. The reference to <u>Knight v. U.S. Fire Insurance Co.</u>, 804 F.2d 9, 14 (2d Cir. 1986), was intended to impress the point that, even under the doctrine of uberimmae fidei, the materiality of a nondisclosure is ordinarily a factual issue precluding brevis disposition, which is why the court, in the circumstances of this case, will not reconsider its denial of Reliance's motion for summary judgment. The two additionally relevant cases cited, <u>Concordia Co., Inc. v. Panek</u>, 115 F.3d 67 (1st Cir. 1997) and <u>Koch Fuels c. Cargo of 13,000 Barrels of No. 2 Oil</u>, 704 F.2d 1038, 1041-1042 (8th Cir. 1983), make the point that a jury right can coexist with an admiralty claim if the parties' claims are sufficiently distinct so as to permit each to prevail without compromising the other's right to a recovery. Where, as is the case here, the parties' claims are effectively mirrored, the risk of inconsistent verdicts is very real. For that reason, Reliance's admiralty claim trumps defendants' request for a jury trial. <u>See</u>, <u>Jefferson Insurance Co., of New York v. Maine Offshore Boats, Inc.</u>, 2001 WL 484040 (D.Me. May 7, 2001).

A true and correct copy of Judge Stearns August 14, 2002 Memorandum and Order referred to, *supra*, is attached hereto as Exhibit "A" in support of Plaintiff's instant motion.

The action commenced by Reliance National Insurance Company (Europe) Ltd. under Rule 9(h) of the Federal Rules of Civil Procedure, invoking the admiralty jurisdiction of the federal district court, proceeded to a **non-jury trial** before Judge Stearns beginning on February 3, 2003, resulting in a decision in favor of Reliance that has just recently been published. *See*, *Reliance National Insurance Company (Europe) Ltd. v. Hanover*, 2003 A.M.C.

715 (D. Mass. 2003). That the outcome was a Judgment for the marine insurance company is not pertinent to the issues before the bar of this federal district at the present time. However, with regard to the issue of Plaintiff's Motion to Strike the Defendant's demand for a jury, the decision is certainly of great moment, particularly Judge Stearns' strong reaffirmation of his original decision to strike any demand for a jury and to conduct a bench trial with respect to the entire case:

> 2. The court had earlier struck defendants' claim to a jury trial, a decision reaffirmed in a ruling on August 14, 2002. The court reasoned that while a jury right can coexist with an admiralty claim where the parties' claims are sufficiently distinct so as to permit each to prevail without compromising the other's right to recovery, that was not the case here where the competing claims virtually mirror one another.

*Reliance National Insurance Company (Europe) Ltd. v. Hanover, supra*, at n. 2, p. 715.

Just as in the *Hanover* case, *supra*, in the instant matter the issues asserted in the insured's counterclaim are inseparable from the issues raised in the marine insurance company's Complaint for Declaratory Judgment, and there can be no disentangling these matters such that the danger of inconsistent outcomes can be avoided. Under the apposite caselaw from the federal courts, the Plaintiff's Rule 9(h) non-jury election trumps the Defendant's demand for a jury, regardless of the existence of diversity as a

potential basis for jurisdiction. The Plaintiff's motion should therefore be granted and the Defendants' demand for a jury must be stricken.

##  II. DEFENDANTS' COUNTERCLAIM IS IMPROPER UNDER THE APPLICABLE LAW OF NEW YORK

Counsel for the Defendants appears to have fatally confused Plaintiff's argument, in that she is asserting nothing more quotidian than that Mr. Wimber, like every other defendant, enjoys a right under the Federal Rules of Civil Procedure to assert a counterclaim for acts of the Plaintiff which arise out of or else are closely related to the same issues and web of operative facts which constitute the basis of the Plaintiff's declaratory judgment action. Plaintiff has no argument with the Defendant's formal right to assert a compulsory counterclaim. Rather, it is Plaintiff's contention that to the extent that any of the allegations asserted in any such counterclaim arise under state law, then New York State is the state to which this Court must advert in order to determine whether such allegations can withstand a Motion to Dismiss.

Unlike the jury issue, it is patently clear that the issue of the viability of any of the various counts set forth in the Counterclaim itself is to be determined under the substantive law of the State of New York. The policy of marine insurance contains a perfectly valid Choice of Law clause with which the Defendants have in no sense even attempted to take exception. Plaintiff's argument, as illustrated, *infra,* remains that New York state law

rejects precisely the types of assertions and contentions which counsel for Wimber has presented in her counterclaim.

### III. NEITHER AN AWARD OF ATTORNEYS' FEES NOR OF PUNITIVE DAMAGES ARE PROPER UNDER NEW YORK LAW

As Plaintiff has already argued in its original pleading filed in support of the instant motion, there is absolutely no basis upon which New York state law can be relied to support the several demands asserted in Defendants' counterclaim seeking as damages attorneys' fees or punitive damages. It is not under New Mexico state law that Defendant can assert rights in a counterclaim, but only under New York state law. That is the effect of the policy's Choice of Law provision.

Under New York state law, punitive damages can be claimed for alleged breach of an insurance policy only if the claim will vindicate a *public* as opposed to merely a *private* right. New York courts, state and federal, will dismiss any claim seeking punitive damages against an insurer where there is not a well premised assertion or a showing that the insurer, "in its dealings with the general public, had engaged in a fraudulent scheme evincing such a high degree of moral turpitude and...such wanton dishonesty as to imply a criminal indifference to civil obligations." *Eccobay Sportswear, Inc. v. Providence Washington Insurance Co.*, 585 F.Supp. 1343 (S.D.N.Y. 1984).

Moreover, in the unique context of first-party coverage claims, of which the instant matter is one, courts have observed

7

*General Insurance Co. v. Tradeline*, 266 F.3d 112, 2002 A.M.C. 149 (2d Cir. 2001). Since no cause of action for bad faith can be asserted by Defendant, his demand for any award of attorneys' fees cannot withstand judicial scrutiny.

For the foregoing reasons, it is manifest that Plaintiff's Motion to Dismiss the Counterclaim as inconsistent with the requirements of New York state law is well grounded and should be granted. There is no basis for any such counterclaim, and no basis either for allowing the Defendant Wimber to cloud the presently clear waters of this litigation by throwing in the mud of baseless claims of bad faith and punitive damages for the simple act of Plaintiff denying his claim for coverage.

WHEREFORE, Plaintiff prays that the Court will enter its Order dismissing the Defendant's Counterclaim, striking the demand for a jury, and striking the demand for an award of punitive damages and attorneys' fees, along with all such other and further relief as the Court may deem proper in the premises.

Dated: July 15, 2003

PAUL J. RUBINO, ESQ.
Attorney for Plaintiff
1155 Commerce Drive, Suite B
Las Cruces, NM 88011
(505) 647-8433
GOLDMAN & HELLMAN
Attorneys for Plaintiff
315 S.E. 7th Street
Suite 200
Fort Lauderdale, Florida 33301
(954) 356-0460

9

that New York state law effectively rejects bad faith. *See, e.g, Rocanova v. Equitable Life Assurance Society of the U.S.*, 83 N.Y.2d 603, 634 N.E.2d 940, 612 N.Y.S.2d 339 (1994); Ostrager & Newman, "Handbook on Insurance Coverage Disputes," (9th ed. 1994), p. 656.

There can be no possibility of any demonstration of the required threshold showing that the Plaintiff's denial of Wimber's first-party claim in the instant litigation was aimed at the general public, or was part of a scheme involving moral turpitude, implying criminal indifference.

The suggestions made by Defendants' counsel that the Court should permit her to amend her defective pleading to assert the factual matters which New York state law requires should be accorded short shrift indeed. To even make such a request demonstrates that Defendants' counsel does not possess the knowledge or the information requisite to make the good faith contentions that Rule 12 of the Federal Rules of Civil Procedure certainly mandates. Any such amendment would be a gross charade, a classic sham pleading, done solely for purposes of maintaining a pleading for which a real basis has been shown to be lacking.

In addition, established authorities and precedents of federal admiralty cited in Plaintiff's original pleading illustrate that the federal law of marine insurance does not permit awards of either attorneys' fees or punitive damages unless there is an actual showing of bad faith. *See, New York Marine &*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and accurate copy of the foregoing pleading was served upon the interested parties in the above-captioned matter via the U.S. Postal Service addressed as follows:

                      Shannon A. Parden, Esq,
          MADISON, HARBOUR, MROZ & BRENNAN, P.A.
                       P.O. Box 25467
                 201 3rd Street NW, #1600
             Albuquerque, NM 87125-5467

Dated: July 15, 2003

                            PAUL J. RUBINO, ESQ.
                            Attorney for Plaintiff
                            1155 Commerce Drive, Suite B
                            Las Cruces, NM 88011
                            (505) 647-8433
                            GOLDMAN & HELLMAN
                            Attorneys for Plaintiff
                            315 S.E. 7th Street
                            Suite 200
                            Fort Lauderdale, Florida 33301
                            (954) 356-0460

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NUMBER 00-11202-RGS

RELIANCE NATIONAL INSURANCE
COMPANY (EUROPE) LTD.

v.

ALAIN HANOVER and
DANIEL HANOVER

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTIONS FOR RECONSIDERATION

August 14, 2002

STEARNS, D.J.,

Plaintiff Reliance National Insurance Company (Europe) Ltd. (Reliance) brought this defensive declaratory action after denying the Hanovers marine insurance coverage attendant to the sinking of the yacht STIARNA. On July 22, 2002, the court denied the parties' cross-motions for summary judgment. Reliance, in a well argued brief, urges reconsideration of the denial of its motion for summary judgment. Reliance also objects to any deviation by the court from its previous decision to strike defendants' request for a jury trial on their counterclaim. As to the jury matter, the court has not reversed itself, the impressions of the parties notwithstanding. The reference to Knight v. U.S. Fire Insurance Co., 804 F.2d 9, 14 (2d Cir. 1986), was intended to impress the point that, even under the doctrine of *uberrimae fidei,* the materiality of a nondisclosure is *ordinarily* a factual issue precluding brevis disposition, which is why the court, in the circumstances of *this* case, will not reconsider its denial of Reliance's motion for summary judgment. The two additionally relevant cases cited, Concordia Co., Inc. v. Panek, 115 F.3d 67 (1st Cir. 1997), and Koch

Ex. A-1

Fuels v. Cargo of 13,000 Barrels of No. 2 Oil, 704 F.2d 1038, 1041-1042 (8th Cir. 1983), make the point that a jury right can coexist with an admiralty claim if the parties' claims are sufficiently distinct so as to permit each to prevail without compromising the other's right to a recovery. Where, as is the case here, the parties' claims are effectively mirrored, the risk of inconsistent verdicts is very real. For that reason, Reliance's admiralty claim trumps defendants' request for a jury trial. See Jefferson Insurance Co. of New York v. Maine Offshore Boats, Inc., 2001 WL 484040 (D.Me. May 7, 2001).

## ORDER

For the foregoing reasons, Reliance's motion for reconsideration is DENIED.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

2

Ex. A-2