IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HAMBURGER VERSICHERUNGS - AG (iGR),

    Plaintiff,

v.                                                                       CIV 03-285 KBM/LAM

THOMAS C. WIMBER and
JOHN L. MUNZENMEIER,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

    Plaintiff insurer specifically brings this action in admiralty under FED. R. CIV. P. 9(h), seeking to have its contract for marine insurance declared void and/or rescinded due to alleged breaches by the insured. *Doc. 1.* Defendants counterclaim, alleging the insurer engaged in bad faith and breached the contract in denying the claim. Defendants seek to recover compensatory damages, punitive damages, treble damages, attorney fees and costs under common law theories of bad faith, breach of contract, and prima facie tort, and under the New Mexico Unfair Practices Act, N.M. Stat. Ann. § 52-12-1 et seq., and the New Mexico Unfair Insurance Practices Act, N.M. Stat. Ann § 59(A)-16-1 et seq. *See Docs. 8, 12.* They also demand a jury. *Doc. 10.*

    This matter is before the Court on Plaintiff's motion to dismiss all of Defendants' counterclaims, except for the claim seeking the agreed value of the vessel for breach of contract, and to strike their demands for a jury, punitive damages, and attorney fees. *Doc. 15.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. I find the motion to strike the jury demand without

merit and the remaining issues inadequately briefed to render a decision at this time.

Plaintiff argues that because it filed first and characterized the action as admiralty under FED. R. CIV. P. 9(b), it controls the character of this action and whether a jury will be had for whatever claims may go forward. *See Doc. 15* at 7-9. I recognize that there is a split of authority on the issue and that to-date the majority of courts hold that when a Plaintiff wins the race to the courthouse, his or her characterization of the action as admiralty trumps for jury trial purposes. *See e.g.,* Mark Thomas Mahfouz, Comment, *Whose Interest Are More Important: Should A Plaintiff's Rule 9(h) Designation "Trump" A Counterclaimant's Right To Jury Trial?,* 27 TUL. MAR. L.J. 277 (Winter 2002).

However, there is no controlling authority from the Supreme Court or the Tenth Circuit on the subject. Based on my independent research and review, I find the minority position persuasive for generally the same reasons as discussed in *Sphere Drake Ins. PLC v. J. Shree Corp.,* 184 F.R.D. 258 (S.D.N.Y. 1999) and the recent comment in the Tulane Maritime Law Journal, above. I am particularly persuaded that where, as here, diversity provides an independent jurisdictional basis for the compulsory counterclaim, two Supreme Court's decisions counsel that the minority position allowing jury trial on the counterclaims is the better view. *See Fitzgerald v. United States Lines Co.,* 374 U.S. 16 (1963) (which led to the unification of admiralty and civil practice under the Federal Rules); *Beacon Theatres Inc. v. Westover,* 359 U.S. 500 (1959) (which declined to disallow a jury trial simply because of who filed first). Therefore, Plaintiff's motion to dismiss the jury demand will be denied.

Plaintiff's second argument was not clarified until its reply. Plaintiff contends that while Defendants can bring compulsory counterclaims, they can only do so under the laws of the State

of New York due to a choice of law provision in the insurance contract:

> It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the [S]tate of New York.

*Doc. 1,* Exh. C-14, ¶ 12.  Plaintiff's argument about punitive damages is related to the effect of the choice of law provision.

As I read it, nothing on the face of the choice of law provision appears to waive or limit the ability to bring counterclaims.  Rather, it appears to require federal common admiralty law as supplying the governing contract interpretation principles and, where federal common law does not address the question, the law of New York will supply the principle.  Moreover, Defendants have not had the chance to respond to this argument.  Therefore, I will deny the motion at this time without prejudice.  Plaintiff may raise the issue in a later dispositive pleading, if it so wishes.

Wherefore,

**IT IS HEREBY ORDERED** that insofar as Plaintiff's motion *(Doc. 15)* seeks to strike the jury demand, it is DENIED.  In all other respects, the motion is DENIED WITHOUT PREJUDICE AT THIS TIME *(Doc. 15)*.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.