IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
IN ADMIRALTY

HAMBURGER VERSICHERUNGS - AG
(iGR),

        Plaintiff,

vs.

        Case No.: CV-03-285-KBM/LAM

THOMAS C. WIMBER and
JOHN L. MUNZENMEIER,

        Defendants.
_____/

03 AUG 14 AM 9:29

PLAINTIFF'S MOTION FOR
BIFURCATION AND STAY OF DISCOVERY

COMES NOW the Plaintiff, HAMBURGER VERSICHERUNGS - AG (iGR), by and through its undersigned attorneys, and pursuant to Rule 42(b) of the Federal Rules of Civil Procedure hereby files its Motion for Bifurcation of Trials and a Stay of Discovery, and in support thereof would state as follows:

1. This action was commenced via Plaintiff HAMBURGER VERSICHERUNGS - AG (iGR), filing of a Complaint seeking a declaratory judgment on its policy of marine insurance issued to the Defendant THOMAS C. WIMBER. The Plaintiff's said Complaint for Declaratory Judgment was filed pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, and invoked the admiralty jurisdiction of this Court per the terms of Title 28 of the United States Code, sec. 1333.

2. Plaintiff seeks this Court's declaratory judgment with regard to its liability under its policy of marine insurance to



1

indemnify the aforesaid Defendant, as well as Defendant JOHN L. MUNZENMEIER as the policy loss payee, for the alleged damage/loss of a vessel owned by Defendant and insured by Plaintiff. Plaintiff's Complaint for Declaratory Judgment contends that its policy of marine insurance is void as a result of the Defendant's misrepresentations of material fact and/or failure to disclose material facts. Plaintiff further contends that its policy of marine insurance is void for breach of warranties and conditions set forth in the policy.

3.  Defendants have responded to the Complaint for Declaratory Judgment with an Answer and also with a Counterclaim. It is the filing of Defendant's said Counterclaim, and the allegations of breach a number of New Mexico state laws essentially alleging breach of an implied covenant of good faith and of fair dealing which are set forth therein, that has called forth the instant response by Plaintiff seeking this Court's Order Bifurcating any trials that might result from or be based upon the separate pleadings referred to herein.

4.  Specifically, counsel for Plaintiff asks the Court to exercise its discretion and its authority to bifurcate Defendant WIMBER's breach of contract and "bad faith" counterclaim until the disposition of the coverage issue which is central to the litigation. Without a determination of the existence of coverage on the underlying claim, there can be no issues of breach of contract or "bad faith" as alleged by Defendant. Plaintiff asks that the Court order separate discovery and separate trials with

respect to the issues which are pleaded in Plaintiff's Complaint and in Defendant's Counterclaim, pending the ultimate disposition of the issue of coverage under Plaintiff's policy of marine insurance. Any discovery associated with the Counterclaim should be stayed pending the outcome of the underlying coverage issue which is set forth in Plaintiff's Rule 9(h) admiralty Complaint for Declaratory Judgment.

5. In Plaintiff's FRCP 9(h) Complaint for Declaratory Judgment, there is the comparatively simple and direct allegation that Defendant WIMBER made misrepresentations of material facts and/or failed to disclose material facts at the time of the submission of his application for the coverage afforded by Plaintiff's policy of marine insurance. In addition, as stated, supra, Plaintiff's Complaint for Declaratory Judgment alleges quite simply that the Defendant's vessel was unseaworthy at the inception of coverage, and that Defendant's use of the vessel on the date of the incident was a breach of an express warranty in the policy to the effect that no such use would take place until such time as all recommendations set forth in a survey had been completed.

6. Defendant has done far more than merely respond to the allegations set forth in the Plaintiff's Complaint for Declaratory Judgment. Rather, in what is manifestly an error to turn the litigation into an endurance contest and to present the Plaintiff with a far more time consuming and potentially expensive litigation that Plaintiff bargained for in filing a simple

Complaint for Declaratory Judgment, Defendant WIMBER's Counterclaim alleges conduct on the part of Plaintiff and/or its agents that would have this Court deal instead with issues pertaining to the manner in which Plaintiff's claims personnel handled the claim.

7. Defendant WIMBER's Counterclaim alleges conduct on the part of Plaintiff and/or its agents that is alleged to violate elements of New Mexico state laws, and as an essential element of this effort aimed at altering the focus and the parameters of the litigation itself, Defendant has served discovery demands which are excessive in scope and which, because the effort is aimed at threatening Plaintiff with an enlarged litigation, demands answers and documents which have absolutely nothing to do with the assertions made in the Complaint for Declaratory Judgment.

8. The Defendant's Counterclaim alleges delay in determination of coverage, bad faith denial of coverage, willful breach of the policy, and breach of the obligation to act fairly and in good faith.

9. In pursuit of the aforesaid Counterclaim, Defendant WIMBER has framed discovery demands including requiring that Plaintiff produce its entire Claims File maintained in connection with the incident in which the insured vessel was lost. Counsel for Defendant has framed discovery demands which are intentionally intrusive, abusive and intended to impel Plaintiff to make a commercial decision to abandon the litigation rather than become bogged down in the morass that Defendant is seeking to create.

Counsel for Defendant has sought production of such materials solely because she seeks to redirect the focus of this litigation from the issue of WIMBER's failure to disclose material facts, and instead to burden the Plaintiff with having to litigate instead all manner of utterly extraneous issues having absolutely nothing to do with whether or not the Court should void the policy.

10. Plaintiff has attached the Defendant WIMBER's interrogatories and Request for Production of Documents as Exhibits ``A'' and ``B,'' respectively, in support of the instant motion.

11. Counsel and this Court are on the verge of wasting a great deal of time, energy and expense in litigating discovery disputes that can only have a bearing on this case **after** there has been a determination that coverage exists under Policy 200/533/37812 for the incident in which Defendant's vessel was lost.

12. None of the aforesaid discovery need go forward or even be considered until such time as there is a determination as to the coverage afforded by Plaintiff's policy of marine insurance. Plaintiff's motion seeks to economize the time and efforts of counsel as well as of this Court.

13. Lastly, counsel for Defendant WIMBER has demanded a jury trial with respect to his Counterclaim, and in its Order dated August 13, 2003, this Court has ruled that a jury will be empanelled to hear the issues associated with the Counterclaim.

The result if this Court does not grant the Plaintiff's instant motion will be the potential for inconsistent verdicts. Such a peril can be avoided only by granting the instant motion and permitting the Plaintiff's action for declaratory judgment to go forward alone, unimpeded by discovery on the potentially irrelevant issues generated by a counterclaim which will be baseless in the event that Plaintiff's case is upheld.

14. FRCP 42(b) provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials would be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

15. Rule 42(b) of the Federal Rules of Civil Procedure thus authorizes district courts to order a separate trial of any claim if the interests of judicial economy, convenience and fairness will be furthered. See, Conkling v. Turner, 18 F.3d 1285 (5th Cir. 1994).

16. The cases recognize that the question of whether to order a bifurcation is something that is always committed to the sound discretion of the Court, and is decided on a case by case basis depending upon the facts and the policy to be served by application of the rule. See, Laitram Corp. v. Hewlett-Packard Co., 791, F. Supp. 113 (E.D. La. 1992); Wright & Miller, Federal

Practice and Procedure: Civil 2d sec. 2388, p. 474 (1995). Where the claims to be bifurcated are sufficiently distinct and separate such that trial of one without the other may be had without injustice, application of FRCP 42(b) is recognized as appropriate. McDaniel v. Anheuser-Busch, Inc., 987 F.2d 298 (5th Cir. 1993).

17. An Order granting Plaintiff's motion in the instant matter is supported by this caselaw and by the facts in this case. An Order bifurcating the Counterclaim, and staying any and all discovery on the issues raised in the Counterclaim, would avoid potentially needless discovery and trial preparation. See, O'Malley v. United States Fidelity & Guar. Co., 776 F.2d 494 (5th Cir. 1985) stating that a district court's bifurcation Order was proper since resolution of the underlying breach of insurance contract claim would effectively dispose of the insured's claim for bad faith against the insurer. See also, South Hampton Refining Co. v. National Union Fire Ins. Co., 875 F. Supp. 382 (E.D. Tex. 1995), in which the district court stated that "[t]he goals of Rule 42(b) will be achieved and this court and the parties will not waste valuable resources attending to claims which could be disposed of by a determination of the insurance coverage." Id., at 384.

18. These considerations were all weighed and found determinative by the federal district court in the case of Reliance Insurance Co. v. Wilson, 1991 A.M.C. 716 (N.D. Cal. 1990). In that case, the court bifurcated and stayed proceedings on a counterclaim precisely like the Defendant's in the instant

matter, in which allegations of bad faith were interposed in response to the marine insurer's Complaint for declaratory judgment. The court sought to avoid expenditures which would be needless in the event that the marine insurer was successful in establishing its position as to coverage in the main action.

WHEREFORE, the Plaintiff prays that the Court will enter its Order bifurcating discovery and trial of the Complaint and the Counterclaim, and Ordering that discovery be stayed with respect to the issues alleged in the Counterclaim, along with all such other and further relief as the Court may deem proper in the premises.

Dated:   August 14, 2003
         Las Cruces, New Mexico

> PAUL J. RUBINO, ESQ.
> Attorneys for Plaintiff
> 1155 Commerce Drive, Suite B
> Las Cruces, NM 88011
> (505) 647-8433
>
> By: *[signature]*
>     PAUL J. RUBINO, ESQ.
>
> GOLDMAN & HELLMAN
> Attorneys for Plaintiff
> 315 S.E. 7th Street
> Suite 200
> Fort Lauderdale, Florida 33301
> (954) 356-0460

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing pleading was served on the interested parties herein via the U.S. Postal Service addressed as follows:

Shannon A. Parden, Esq.
MADISON. HARBOUR, MROZ & BRENNAN, P.A.
P.O. Box 25467
201 3rd Street NW, #1600
Albuquerque, NM 87125-5467

Dated:   August 14, 2003
Las Cruces, New Mexico

PAUL J. RUBINO, ESQ.
Attorneys for Plaintiff
1155 Commerce Drive, Suite B
Las Cruces, NM 88011
(505) 647-8433

By: _____
PAUL J. RUBINO, ESQ.

GOLDMAN & HELLMAN
Attorneys for Plaintiff
315 S.E. 7th Street
Suite 200
Fort Lauderdale, Florida 33301
(954) 356-0460

THIS PLEADING IS TOO VOLUMINOUS TO SCAN. THE ORIGINAL IS IN THE CASE FILE LOCATED IN THE RECORDS DEPARTMENT, U.S. DISTRICT COURT CLERK'S OFFICE.