IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
IN ADMIRALTY

HAMBURGER VERSICHERUNGS - AG
(iGR),

            Plaintiff,

vs.

THOMAS C. WIMBER and
JOHN L. MUNZENMEIER,

            Defendants.

03 SEP 23 PM 1:2

Case No.: CV-03-285-KBM/LAM

_____ /

PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR BIFURCATION AND STAY OF DISCOVERY

COMES NOW the Plaintiff, **HAMBURGER VERSICHERUNGS** - AG (iGR),
by and through its undersigned attorneys, and pursuant to Rule
42(b) of the Federal Rules of Civil Procedure hereby files its
Reply Memorandum of Law in support of its Motion for Bifurcation
of Trials and a Stay of Discovery, and further thereto would state
as follows:

1.   Plaintiff's action is a simple one, and the relief
sought in the instant motion is intended to allow this litigation
to remain simple. The cynical arguments put forward by opposing
counsel cannot disguise the manifest fact that Defendant's aim
remains to swamp this Court with discovery that is at best
premature and at worst intended to so alter the terms and the very
subject matter of the litigation as to render it unrecognizable.

2.   Plaintiff seeks a declaratory judgment from this
federal district court ruling that a contract of marine insurance

1



is void because of the Defendant's failure to comply with familiar and well established obligations imposed upon insureds by the federal maritime law of the United States. The facts will demonstrate that Mr. Wimber submitted documentation via his brokers which misstated material facts concerning his vessel's condition. The facts will also demonstrate that Mr. Wimber operated his vessel in breach of express warranties that are universally recognized in the law of marine insurance.

3.     However, in a counterclaim alleging bad faith, the Defendant is attempting to shift the focus of the litigation away from his own conduct and the impact of that conduct on the coverage afforded by the Plaintiff's policy of marine insurance. Defendant's counsel, without support, states in her previous pleading that she "believe[s] that the evidence will show that [Plaintiff] has a history of accepting money for insurance and then denying claims on the basis that the ships are unseaworthy."

4.     In order to pursue that utterly speculative assertion, Defendant seeks to conduct discovery into issues having absolutely nothing to do with the issues asserted in the Complaint for Declaratory Judgment. In support of the instant motion, the undersigned counsel for the Plaintiff attached the discovery demands which were recently served by Defendant, illustrating that these discovery demands are unconcerned with obtaining evidence bearing on the issue of whether the policy does or does not afford coverage for the incident of December 29, 2003. Rather, virtually the entirety of the Defendant's discovery demands are pitched at

2

Plaintiff's practices in handling claims; Defendant seeks
production of past claims files; Defendant seeks production of
such manifestly privileged documents as correspondence between the
Plaintiff's managing general agent in the United Kingdom and
outside legal counsel in Florida.

5.   Defendant's goal is to demonstrate to the Plaintiff
that it will be costly in the extreme to pursue the action for
declaratory judgment against Mr. Wimber, with costs and expenses
far in excess of those which might have been originally calculated
in deciding to seek the intervention of this federal court.

6.   This is a tactic that is as obvious as it is cynical,
and one which federal courts are routinely called upon to deal
with as astute counsel searches for methods to complicate simple
cases in an effort to avoid expeditious and relatively inexpensive
resolution.

7.   The method that exists for this Court to avoid the trap
which Defendant's counsel has set out is to grant Plaintiff's
motion for a bifurcation of the trial and a stay of any discovery
on the counterclaim. Plaintiff's Motion for Bifurcation and Stay
of Discovery cited this Court to numerous cases which have
followed the provisions of Fed. r. Civ. P. 42(b) and in the
context of first party insurance coverage litigation have indeed
bifurcated the trial and stayed discovery on the counterclaim
which invariably asserts blood-curdling and outrageous allegations
of bad faith. This permits the underlying, basic and extremely
simple coverage action presented in the Complaint for Declaratory

Judgement to proceed untrammeled by the extraneous and secondary issues raised in the counterclaim. It permits the federal district court to resolve the basic issues without having to burden the litigation with accommodating the abusive discovery that must follow from permitting a very unproven bad faith counterclaim to proceed.

8.    The Defendant's claim that separate trials will deprive him of a right to a jury trial is utterly without merit, and without support in the caselaw. If such an assertion were true, then the cases cited by Plaintiff in support of its motion would not be found in the jurisprudence. The cases agree that the issue is one vested within the sound discretion of the federal district judge. As the Supreme Court noted in the *Beacon Theaters* case, the district court **may** try both legal and equitable actions in a single trial. There is no requirement, since Fed. R. Civ. P. 42(b) clearly permits this Court to exercise its discretion to do precisely the opposite.

9.    As the court noted in the case of *Reliance Insurance Company v. Wilson*, 1991 A.M.C. 716 (N.D. Cal. 1990), "[t]he court has power to limit discovery to certain issues to defer costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive issues." *Id.* at 718] in granting a motion to bifurcate and stay discovery in precisely this same type of first party marine insurance declaratory judgment action. As Defendant points out, the court in Reliance allowed discovery

4

solely on the aspect of the counterclaim that asserted a simple
breach of contract, but severed and stayed any discovery on the
elements of the counterclaim that asserted the type of bad faith
claim which Mr. Wimber seeks to pursue in the instant matter.

    10.   Explaining its action, the court stated:

> [I]n the interests of convenience and
> judicial efficiency, the court is exer-
> cising its discretion to hold trial first
> on plaintiff's underlying claim, and to
> try defendant's counterclaims only if the
> result in the initial phase of trial comes
> out in favor of defendant. *Id.*

    11.   To argue that Plaintiff failed to meet some mysterious
"burden" that stands as a threshold simply ignores the wording of
the applicable Federal Rule of Civil Procedure and the holdings of
the cases. There is no such "burden" imposed upon the Plaintiff in
the instant matter. Rather, Plaintiff is asking this Court to look
the Defendant's claims squarely in the eye, recognize these for
what they are, and then exercise the discretion granted under Fed.
R. Civ. P. 42(b).

    12.   Recognizing the value of judicial economy and the
preferability of resolving the underlying coverage issue separate
from and in advance of the speculative and contingent bad faith
claims, the majority of courts and commentators agree with the
position advocated by the undersigned counsel for Plaintiff. *See,
e.g., Light v. Allstate Insurance Company.*, 203 W.Va. 27, 506
S.E.2d 64 (W. Va. 1998); "Bifurcation of Breach of Contract and
Bad Faith Claims in First-Party Insurance Litigation," 21 Vt. B.J.

& L. Dig. 35 (1995).

13.   Only such relief can achieve the goals which have been
enunciated in the caselaw:

> A).   Cost savings to both parties;
>
> B).   Avoidance of burdensome and complicated discovery
> problems with insurance claims files;
>
> C).   Avoidance of unfair prejudice to a litigant
> arising when contract and bad faith claims are
> combined;
>
> D).   avoidance of the possibility of disqualification
> of trial counsel because of inherent conflict of
> interest problems.

14.   *See, e.g., Light v. Allstate Insurance Company, supra,*
at 73.

15.   The astounding assertion made by Defendant's counsel
that any court will permit a bad faith counterclaim to proceed
even where the underlying coverage issue is decided in favor of
the insurance company is simply untrue. In the well known Ninth
Circuit case of *Cigna Property & Casualty Insurance Co. v. Polaris
Pictures Corp,* 159 F.3d 412, 1999 A.M.C. 1 (9th Cir. 1999), the
court noted that "[t]he district court correctly determined as a
matter of law that if Cigna prevailed on its rescission claim,
Polaris's counterclaims necessarily would be defeated." 1999
A.M.C. at 9. *See also, South Hampton Refining Co. v. National
Union Fire Insurance Company,* 875 F.Supp. 382 (E.D. Tex. 1995),

where a Rule 42(b) severance was granted and in which the federal district court noted that "[i]n insurance coverage suits, a plaintiff's bad faith claims generally depend on the outcome of contractual coverage claims and are usually severed. *Id.*, at 384.

16. Even more critically, the Ninth Circuit in the *Polaris* case, *supra*, noted that the trial court would be correct to conduct a completely separate bench trial on the rescission claim set forth in the marine insurance company's Complaint for Declaratory Judgment, with a jury trial on the counterclaim only at a later date and time! The Ninth Circuit stated:

> This argument assumes Polaris had the right to present its counterclaims to a jury at the same time Cigna was presenting its equitable rescission claim to the court. **This is not so.** (emphasis added). The district court had the discretion to first conduct a bench trial on the equitable rescission claim. 1999 A.M.C. at 9.

17. For all of the foregoing reasons, it should be clear to this Court that Plaintiff's motion is well premised and that the relief is more than merited by the circumstances of this particular case. In a first party marine insurance coverage litigation, where a bad faith counterclaim has been lodged by the insured, federal district courts routinely and rightly exercise their discretion under Fed. R. Civ. P. 42(b) to sever the actions and to stay discovery on the bad faith claim until there has been a resolution of the original coverage dispute. That is the relief sought by the Plaintiff,

7

Dated: September 23 , 2003

PAUL J. RUBINO, ESQ.
Attorneys for Plaintiff
1155 Commerce Drive, Suite B
Las Cruces, NM 88011
(505) 647-8433
GOLDMAN & HELLMAN
Attorneys for Plaintiff
315 S.E. 7th Street
Suite 200
Fort Lauderdale, Florida 33301
(954) 356-0460

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing pleading was served on the interested parties herein via the U.S. Postal Service addressed as follows:

Shannon A. Parden, Esq.
MADISON. HARBOUR, MROZ & BRENNAN, P.A.
P.O. Box 25467
201 3rd Street NW, #1600
Albuquerque, NM 87125-5467

Dated:      September 23 , 2003

PAUL J. RUBINO, ESQ.
Attorneys for Plaintiff
1155 Commerce Drive, Suite B
Las Cruces, NM 88011
(505) 647-8433
GOLDMAN & HELLMAN
Attorneys for Plaintiff
315 S.E. 7th Street
Suite 200
Fort Lauderdale, Florida 33301
(954) 356-0460

8